Janet Louise RUBECK, Appellant,

v.

The STATE of Texas, State.

No. 2–00–049–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 15, 2001.

Melvyn Carson Bruder, Dallas, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Pamela Moore Lakatos, Daniel Peugh, Gene Sera, Asst. Dist. Attys., Denton, for Appellee.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION ON REHEARING

LEE ANN DAUPHINOT, Justice.

We withdraw our opinion and judgment issued August 16, 2001, and substitute the following in their place. Appellant's motion for rehearing is denied.

A jury convicted Appellant Janet Louise Rubeck of the offense of driving while intoxicated, and the trial court assessed her punishment at 120 days' confinement, probated for twenty months, and a $500 fine. Appellant raises two issues on appeal challenging the sufficiency of the evidence to support her conviction and arguing that the trial court erred in overruling her motion to suppress. We affirm.

■ In her first issue, Appellant contends that the evidence is insufficient to sustain her conviction because of a fatal

variance between the complaint, which alleges that "JANET LOUISE RUBECK" committed the offense of driving while intoxicated, and the information, which charges "JANET LOUISE RUBECK JR." with the offense. Because the remedy Appellant requests under this point is that we render a verdict of acquittal, we shall address her argument as a challenge to the legal sufficiency of the evidence.[1]

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict.[2] The critical inquiry is whether, after so viewing the evidence any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt.[4]

The law is well settled that the suffix "Jr." is not part of a name and its inclusion or omission is immaterial in criminal proceedings.[5] While acknowledging that there are cases that hold that the suffixes "Jr." or "Sr." may be regarded as surplusage, Appellant attempts to distinguish those cases by arguing that the suffix "Jr." is applied only to men and not to women and that, because "Jr." is not set off from Appellant's name with a comma,

the suffix is actually a part of her name and not a generational identifier. Appellant cites no authority for these claims, and we find none. We note specifically that there is no prohibition against the suffix "Jr." applying to a female.

Article 26.07 of the code of criminal procedure provides,

> When the defendant is arraigned, his name, as stated in the indictment, shall be distinctly called; and unless he suggest by himself or counsel that he is not indicted by his true name, it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defense.[6]

Article 21.23 provides that "[t]he rules with respect to allegations in an indictment and the certainty required apply also to an information."[7] The record reflects that Appellant took the stand and stated that her name was "Janet Rubeck" and acknowledged that she was the defendant in this case. The record also reflects that Appellant was arraigned outside the presence of the jury and before the jury with pleas of not guilty without ever suggesting that her name was stated incorrectly in the information. We note also that the information's caption names "JANET LOUISE RUBECK" as the defendant, although the body of the information refers to the de-

1. *See Burks v. United States,* 437 U.S. 1, 16–18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 24–25, 98 S.Ct. 2151, 2154–55, 57 L.Ed.2d 15 (1978); *McElroy v. State,* 720 S.W.2d 490, 495 (Tex. Crim.App.1986).

2. *Cardenas v. State,* 30 S.W.3d 384, 389–90 (Tex.Crim.App.2000); *Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993).

3. *McDuff v. State,* 939 S.W.2d 607, 614 (Tex. Crim.App.), *cert. denied,* 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997).

4. *Matson v. State,* 819 S.W.2d 839, 846 (Tex. Crim.App.1991).

5. *Smith v. State,* 435 S.W.2d 526, 527 (Tex. Crim.App.1969); *Cuba v. State,* 905 S.W.2d 729, 732 (Tex.App.—Texarkana 1995, no pet.).

6. Tex.Code Crim. Proc. Ann. art. 26.07 (Vernon 1989).

7. *Id.* art. 21.23 (Vernon 1989).

fendant as "JANET LOUISE RUBECK JR." All motions, court orders, the jury charge, and the clerk's records refer to Appellant as either "Janet Rubeck" or "Janet Louise Rubeck." Under these circumstances, we find Appellant's challenge to the sufficiency of the evidence to be without merit. Accordingly, we overrule her first issue on appeal.

In her second issue, Appellant argues that the trial court erred in denying her motion to suppress and in admitting evidence resulting from what Appellant contends was an illegal traffic stop. Specifically, Appellant contends that the arresting officer lacked probable cause to stop her vehicle and to arrest her. At the suppression hearing, Frisco police officer Elias Olvera testified that he was on patrol when he observed the vehicle in front of him weave from side to side and then almost cause a collision with oncoming traffic by crossing the center dividing line of the roadway. Olvera activated his patrol car's red and blue lights, but the vehicle did not stop right away. Olvera continued to follow the vehicle and began activating his air horn to get the driver's attention. The vehicle finally veered off the road onto the grass and then into a ditch, where it came to a stop.

When Olvera made contact with the driver of the vehicle, later identified as Appellant, he detected the strong odor of an alcoholic beverage on her breath and noted that her speech was slurred. Olvera asked Appellant if she had been drinking, and Appellant responded, "Yes, I had a couple of drinks—had two drinks." As Appellant exited the vehicle, Olvera noticed that her balance was unsteady. Olvera administered the horizontal gaze nystagmus test to Appellant, who exhibited six clues of intoxication. Olvera also attempted to administer the walk-and-turn test, but Appellant was unable to maintain her balance or to follow the officer's directions to begin the test. Olvera then placed Appellant under arrest for driving while intoxicated.

■ We review a trial court's ruling on a motion to suppress under a bifurcated standard of review.[8] We afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based upon an evaluation of credibility and demeanor.[9] We afford the same amount of deference to the trial court's rulings on mixed questions of law and fact, if the resolution of those questions turns on an evaluation of credibility and demeanor.[10] We review de novo the trial court's determination of reasonable suspicion and probable cause.[11]

■ Appellant argues that the trial court erred in denying her motion to suppress based upon a finding that Officer Olvera had only reasonable suspicion to stop her vehicle. An officer who has reasonable suspicion to believe that an individual is involved in criminal activity is authorized to conduct a brief investigative detention of the individual.[12] Probable cause is not required for such a detention.

**8.** *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Crim.App.2000).

**9.** *State v. Ross,* 32 S.W.3d 853, 856 (Tex.Crim.App.2000) (citing *Guzman v. State,* 955 S.W.2d 85, 88–89 (Tex.Crim.App.1997)).

**10.** *Guzman,* 955 S.W.2d at 88–89.

**11.** *Id.* at 87.

**12.** *Carmouche,* 10 S.W.3d at 329.

Here, Officer Olvera testified that he stopped Appellant because he observed her commit a traffic offense by crossing the center line of the highway and almost causing a collision.[13] Olvera stated that he saw vehicles traveling in the opposite direction veer to their right as Appellant passed over the center line. A police officer may lawfully stop and detain a motorist who commits a traffic violation in the officer's presence.[14] When a police officer sees an offense committed in his presence, this provides probable cause for the officer to detain and arrest the offender.[15] Because reasonable suspicion is a lesser standard than probable cause, when an officer has probable cause to detain a suspect, the officer has also satisfied the reasonable suspicion standard for detention. Once a police officer makes a bona fide stop for a traffic offense, he may also investigate any other offense that he reasonably suspects has been committed.[16]

We conclude that Olvera observed Appellant commit a traffic violation and that he had probable cause to stop Appellant's vehicle when he observed the traffic violation. He had reasonable suspicion to further detain Appellant to investigate for driving while intoxicated when he detected the strong odor of an alcoholic beverage on her breath and noted that her speech was slurred. We further conclude that, after conducting the field sobriety tests, Olvera had probable cause to arrest Appellant for driving while intoxicated. Accordingly, we hold that the trial court did not err in denying the motion to suppress. We overrule Appellant's second issue.

Having overruled both of Appellant's issues on appeal, we affirm the trial court's judgment.

**13.** *See* Tex. Transp. Code Ann. § 545.051(a) (Vernon 1999).

**14.** Tex.Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977); *McVickers v. State,* 874 S.W.2d 662, 664 (Tex.Crim.App.1993).

**15.** Tex.Code Crim. Proc. Ann. art. 14.01(b); *Josey v. State,* 981 S.W.2d 831, 842 (Tex.App.— Houston [14th Dist.] 1998, pet. ref'd).

**16.** *Bachick v. State,* 30 S.W.3d 549, 551–52 (Tex.App.—Fort Worth 2000, pet. ref'd).