COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-201-CR

JERALD WAYNE FINCH           
           
           
           
          
     APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
  
         STATE
------------
FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Jerald Wayne Finch pled guilty
to driving while intoxicated, and the trial court placed him on community
supervision. In one point, appellant contends the trial court erred in denying
his motion to suppress. We affirm.
On April 15, 2000, Mark Holder was at a
friend's house cooking in the backyard. He and some other adults went to the
front door of the house to talk to a man in a truck who was looking for his
barbecue grill. The man's truck was parked in the middle of the street, and he
"didn't seem real normal." After the man left, Holder got in his car,
found the truck, and got its license plate number. Holder gave his friend Mark
Newman the license plate number, and Newman called the police.
Carol Pohorec also talked to a man on
April 15, 2000 who was looking for a "trailer or smoker grill thing"
and who claimed her family had taken it. Pohorec called the police, gave them
the description and license plate number of the truck the man was driving, and
told them the man "was definitely under the influence of something."
On April 15, 2000, Sergeant Craig Teague
of the Hurst police department was on patrol when he heard a dispatch on his
radio about a possible drunk driver. While looking for the truck that the
dispatch had described, Sergeant Teague saw a white truck that he thought might
match the description. As Sergeant Teague drove toward the side street where he
saw the truck, the truck emerged from the side street without stopping at the
stop sign and then stopped in the middle of the street in front of Sergeant
Teague's patrol car. Sergeant Teague stopped to avoid hitting the truck.
Sergeant Teague motioned the truck on, and
it pulled in front of him. After reading the license plate and verifying that it
was the one described in the dispatch, he pulled over the truck. Appellant was
driving. After Sergeant Teague pulled appellant over, Holder gave a police
officer his name and described what he saw. Pohorec also gave the police her
name and telephone number after they stopped appellant.
We review the denial of a
motion to suppress by giving almost total deference to a trial court's
determination of historical facts and reviewing de novo the court's application
of the law. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000). When, as here, the trial court does not make explicit findings
of historical facts, we review the evidence in the light most favorable to the
trial court's ruling. Id. at 327-28. If the trial court's
ruling is correct on any theory of law applicable to the case, we must sustain
the ruling. State v. Ross, 32 S.W.3d 853, 855-56 (Tex.
Crim. App. 2000).
Appellant contends that Sergeant Teague did not have reasonable
suspicion to stop him because the stop was based on tips from unknown, and
therefore unreliable, informants. But Sergeant Teague testified that he saw
appellant commit a traffic violation: appellant failed to stop at a stop sign
and stopped instead in the middle of the street. See Tex.
Transp. Code Ann. §§ 544.010(c), 545.153(b) (Vernon 1999). An officer may
lawfully stop and detain a person who commits a traffic violation in the
officer's presence. Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977); McVickers
v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993); Rubeck
v. State, 61 S.W.3d 741, 745 (Tex. App.--Fort Worth 2001, no pet.) (op. on
reh'g). If an officer makes a valid traffic stop, the existence of another
motive for the stop is irrelevant because the prohibition against pretextual
stops has been abandoned in Texas. Garcia v. State, 827
S.W.2d 937, 944 (Tex. Crim. App. 1992); Griffin v. State,
54 S.W.3d 820, 822 (Tex. App.--Texarkana 2001, pet. ref'd).
Although appellant testified that he stopped well before the stop sign
and turned into the street in front of the patrol car only after Sergeant Teague
had "waved [him] on," we must give almost total deference to the trial
court's determination of historical facts, especially when the trial court's
determination is based on an evaluation of credibility and demeanor. See
Ross, 32 S.W.3d at 856; Blevins v. State, 74 S.W.3d
125, 129 (Tex. App.--Fort Worth 2002, pet. ref'd). Viewing the evidence in the
light most favorable to the trial court's ruling, we hold that Sergeant Teague
had reasonable suspicion to stop and detain appellant for committing a traffic
violation in his presence; therefore, the trial court did not err in denying
appellant's motion to suppress.
We overrule appellant's sole point and affirm the trial court's
judgment.
 
  
                                                                            
PER CURIAM
 
PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED JANUARY 30, 2003]

1. See Tex. R. App. P. 47.4.