WILLIAMS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-201-CR

JERALD WAYNE FINCH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM 
COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jerald Wayne Finch pled guilty to driving while intoxicated, and the trial court placed him on community supervision.  In one point, appellant contends the trial court erred in denying his motion to suppress.  We affirm.

On April 15, 2000, Mark Holder was at a friend’s house cooking in the backyard.  He and some other adults went to the front door of the house to talk to a man in a truck who was looking for his barbecue grill.  The man’s truck was parked in the middle of the street, and he “didn’t seem real normal.”  After the man left, Holder got in his car, found the truck, and got its license plate number.  Holder gave his friend Mark Newman the license plate number, and Newman called the police.

Carol Pohorec also talked to a man on April 15, 2000 who was looking for a “trailer or smoker grill thing” and who claimed her family had taken it. Pohorec called the police, gave them the description and license plate number of the truck the man was driving, and told them the man “was definitely under the influence of something.”

On April 15, 2000, Sergeant Craig Teague of the Hurst police department was on patrol when he heard a dispatch on his radio about a possible drunk driver.  While looking for the truck that the dispatch had described, Sergeant Teague saw a white truck that he thought might match the description.  As Sergeant Teague drove toward the side street where he saw the truck, the truck emerged from the side street without stopping at the stop sign and then stopped in the middle of the street in front of Sergeant Teague’s patrol car. Sergeant Teague stopped to avoid hitting the truck.

Sergeant Teague motioned the truck on, and it pulled in front of him. After reading the license plate and verifying that it was the one described in the dispatch, he pulled over the truck.  Appellant was driving.  After Sergeant Teague pulled appellant over, Holder gave a police officer his name and described what he saw.  Pohorec also gave the police her name and telephone number after they stopped appellant.

We review the denial of a motion to suppress by giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  When, as here, the trial court does not make explicit findings of historical facts, we review the evidence in the light most favorable to the trial court's ruling.  
Id
. at 327-28.  If the trial court’s ruling is correct on any theory of law applicable to the case, we must sustain the ruling.  
State v. Ross
, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

Appellant contends that Sergeant Teague did not have reasonable suspicion to stop him because the stop was based on tips from unknown, and therefore unreliable, informants.  But Sergeant Teague testified that he saw appellant commit a traffic violation:  appellant failed to stop at a stop sign and stopped instead in the middle of the street.  
See
 
Tex. Transp. Code Ann. 
§§ 544.010(c), 545.153(b) (Vernon 1999).  An officer may lawfully stop and detain a person who commits a traffic violation in the officer’s presence.  
 Tex. Code Crim. Proc. Ann.
 art. 14.01(b) (Vernon 1977); 
McVickers v. State
, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993); 
Rubeck v. State
, 61 S.W.3d 741, 745 (Tex. App.—Fort Worth 2001, no pet.) (op. on reh'g).  If an officer makes a valid traffic stop, the existence of another motive for the stop is irrelevant because the prohibition against pretextual stops has been abandoned in Texas.  
Garcia v. State
, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); 
Griffin v. State
, 54 S.W.3d 820, 822 (Tex. App.—Texarkana 2001, pet. ref’d).  

Although appellant testified that he stopped well before the stop sign and turned into the street in front of the patrol car only after Sergeant Teague had “waved [him] on,” we must give almost total deference to the trial court’s determination of historical facts, especially when the trial court's determination is based on an evaluation of credibility and demeanor.  
See Ross
, 32 S.W.3d at 856; 
Blevins v. State
, 74 S.W.3d 125, 129 (Tex. App.—Fort Worth 2002, pet. ref’d).  Viewing the evidence in the light most favorable to the trial court’s ruling, we hold that Sergeant Teague had reasonable suspicion to stop and detain appellant for committing a traffic violation in his presence; therefore, the trial court did not err in denying appellant’s motion to suppress. 

We overrule appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED JANUARY 30, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.