Affirmed and Memorandum Opinion filed May 2, 2006









Affirmed and Memorandum Opinion filed May 2, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-01166-CR

_______________

 

CHRISTOPHER COOK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal
Court at Law No. 12

Harris County, Texas

Trial Court Cause No. 1246505

                                                                                                                                               


 

M E M O R A N D
U M  O P I N I O N

Appellant, Christopher Cook, pleaded guilty to the offense of
driving while intoxicated.  Pursuant to a
plea bargain, the trial court assessed punishment at four days= imprisonment and an $800 fine.   In one issue, appellant contends that the
trial court erred by denying his pretrial motion to suppress.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm. See Tex. R. App. P. 47.4.  








I. 
Standard of Review

We review a trial court=s ruling on a motion to suppress
under a bifurcated standard of review.  Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We defer to the trial
court=s determination of facts supported by
the record, especially when the fact findings are based on an evaluation of
credibility and demeanor.  Id.; Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  If, as is the case here, the trial court does
not make explicit findings of fact, we must review the evidence in the light
most favorable to the trial court=s ruling and presume the trial court
made the findings supported by the record that buttress its conclusion.  Carmouche, 10 S.W.3d at 327B28.  We review de novo the trial court=s application of law to those
facts.  Id. at 327.  

II. 
Review of the Evidence

Two Houston police officers testified for the State at the
suppression hearing.  Officer Aguilar
testified that he stopped appellant for driving fifty-one miles per hour in a thirty-five
mile-per-hour zone after he observed appellant nearly strike another
vehicle.  When he approached appellant to
inform him that he had been stopped for speeding, he detected a strong smell of
alcohol.  He also observed that appellant=s speech was slurred and his eyes
appeared bloodshot.  Officer Aguilar
commenced field sobriety testing, but called another police officer, Officer
Gonzalez, via radio to continue the investigation. After Officer Gonzalez  arrived on the scene, Officer Aguilar left to
aid other officers in the area.  Officer
Aguilar testified that the video equipment in his patrol car was not on and did
not record the traffic stop.








Officer Gonzalez confirmed that he arrived at the scene after
Officer Aguilar contacted him via radio. 
Officer Gonzalez testified that Officer Aguilar informed him of his
initial observations, including appellant=s bloodshot eyes, the odor of
alcohol, and the preliminary results of appellant=s field sobriety testing.  Officer Gonzales testified that he completed
the field sobriety testing based on the information he received from Officer
Aguilar.  Officer Gonzalez turned on his
overhead camera equipment to record the tests. 

Appellant testified on his own behalf.  He claimed Officer Gonzalez was the officer
who initially pulled him over for speeding and he did not see Officer Aguilar
or any other police officer until after the field sobriety tests.  Appellant testified that after he was pulled
over, he told Officer Gonzalez he had not consumed any alcoholic
beverages.  However, he admitted at the
suppression hearing that he had three glasses of wine the evening of the
offense.  

At the conclusion of the hearing, the trial court stated that
it found the officers= testimony credible and denied appellant=s motion.

III. 
Application of the Law to the Facts

When a police officer observes a traffic violation committed
in his presence, he has probable cause to stop and detain the offender for the
violation.  See Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005); Garcia v. State, 827 S.W.2d 937, 944B45 (Tex. Crim. App. 1992); Josey
v. State, 981 S.W.2d 831, 837 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d). 
Once a police officer makes a valid traffic stop, he may further detain
the suspect for investigation if he develops a reasonable suspicion that
another offense is being committed.[1]  See Davis v. State, 947 S.W.2d 240,
244 (Tex. Crim. App. 1997).  Reasonable
suspicion exists if the officer can articulate specific facts which, when taken
along with rational inferences from those facts, reasonably warrant the
intrusion.   Terry v. Ohio, 392
U.S. 1, 21 (1968). 








Appellant argues that Officer Gonzalez could not have formed
a reasonable suspicion that appellant was driving while intoxicated because the
video tape shows that Officer Gonzalez commenced field sobriety testing within
four or five seconds after having first approached appellant. However, Officer
Gonzalez testified that he conducted the field sobriety tests based on the
information provided to him by Officer Aguilar. 
It is well established that an officer need not rely on personal
knowledge to establish probable cause or reasonable suspicion, but may act on
information relayed to him by another officer. See Pyles v State, 755
S.W.2d 98, 109 (Tex. Crim. App. 1988). It is also well established that an
officer=s observations of slurred speech, bloodshot
eyes, and a strong odor of alcohol can constitute reasonable suspicion that a
driver stopped for a traffic violation has also committed the offense of
driving while intoxicated.  See
Perales v. State, 117 S.W.3d 434, 439 (Tex. App.CCorpus Christi 2003, pet. ref=d); Rubeck v. State, 61 S.W.3d
741, 745 (Tex. App.CFort Worth 2001, no pet.). 
Therefore, the trial court did not err in concluding that Officer
Gonzalez had reasonable suspicion to detain appellant for the purpose of
conducting field sobriety tests based on the information provided to him by
Officer Aguilar.  Accordingly, we
overrule appellant=s sole issue. 

We affirm the judgment of the trial court.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment Rendered
and Memorandum Opinion filed May 2, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  The detention
must be temporary and reasonably related in scope to the circumstances
justifying the interference.  Davis v.
State, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997) (citing Terry v. Ohio,
302 U.S. 1, 25B26 (1968)). 
Here, appellant does not contend that the field sobriety tests were
unreasonably related in scope to the officers=
determination that appellant was intoxicated. 
Rather, appellant contends that Officer Gonzalez could not have
developed reasonable suspicion to justify any further investigation beyond what
was necessary to effectuate the purpose of the traffic stop for the speeding
violation.