In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00216-CR

                                                ______________________________

 

 

                                     THE STATE OF
TEXAS, Appellant

 

                                                                V.

 

                                   THOMAS JACOB EVANS, Appellee

 

 

                                                                                                  


 

 

                                          On Appeal from the County Court at Law #1

                                                             Gregg County, Texas

                                                         Trial Court
No. 2009-1097

 

                                                             
                                     

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            In early
March 2009, around 2:00 a.m.—when the bars were closing for the
night—Gladewater Police Officer Stephen Washburn observed an automobile driven
by Thomas Jacob Evans travel for an eighth to a quarter of a mile to the left
of center of Armstrong Road, a Gladewater street that had no center striping
but was wide enough for two lanes of traffic. 
Washburn concluded that Evans had committed a traffic violation
sufficient to authorize Washburn to stop Evan’s vehicle.  When Washburn stopped Evans, he discovered
evidence that confirmed Washburn’s earlier suspicion that Evans had been
driving under the influence of alcohol.

            Evans,
charged with driving while intoxicated (DWI),[1]
having one prior DWI conviction on his record, sought to suppress the evidence[2]
from the traffic stop.  After a pretrial
hearing,[3]
the trial court suppressed the evidence.  The State appeals.  Because Evans committed a traffic offense in
Washburn’s view, we reverse the suppression order and remand this case for
further proceedings.

            A few
minutes before stopping Evans, Washburn had been helping with an unrelated
traffic stop, when he had noticed the Evans vehicle pass his vehicle on the
right through the parking area of a nearby car lot.  That had sparked Washburn’s interest, and he
began following Evans.  After traveling a
short distance, Evans turned right on Shell Camp Road and then onto Armstrong Road,
a blacktop road with no center striping, but of sufficient width for two
traffic lanes.  Evans did not commit any
traffic violations before turning onto Armstrong Road.  

            After Evans turned onto Armstrong Road,
he began driving left of center and failed to maintain his lane of travel for
an eighth to a quarter of a mile.  Even
without the lane markings, it was obvious Evans was driving in the middle of
the road, prompting Washburn to activate his emergency lights.  When Evans failed to respond, Washburn hit
his air horn and siren.  In response, at
least initially, Evans failed to respond. 
Evans finally stopped in response to Washburn’s  continued  activation  of  his  car’s  siren.   There  was  no  other  traffic
 in the area at 2:00 a.m.  

            Washburn
testified that the local bars usually close at 2:00 a.m., about the time he
noticed Evans drive through the car lot. 
Based on the fact that Evans was driving down the middle of the road at
2:00 a.m., Washburn believed Evans to possibly be intoxicated. 

 

 

 

 

 

 

            The trial
court made specific findings of fact and conclusions of law[4]
and suppressed the evidence.

 

            On appeal,
the State claims (1) Washburn had probable cause to stop Evans based on a
traffic violation, and (2) Washburn had a reasonable suspicion Evans was
driving while intoxicated.  Because the
traffic stop was authorized due to a traffic violation by Evans, we reverse the
suppression order.  Because that disposes
of this appeal, we do not reach the State’s second claim.

            We review a
trial court’s ruling on a motion to suppress evidence under a bifurcated
standard of review.  Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  We afford almost total
deference to the trial court’s determination of the historical facts supported
by the record, especially when the trial court’s fact-findings are based on an
evaluation of the credibility and demeanor of the witnesses.  Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman, 955 S.W.2d at 89–90. 
When the trial court’s rulings do not turn on the credibility and
demeanor of the witnesses, we apply a de novo standard of review.  Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).  That is, we give almost total deference to
the trial court in determining what the actual facts are, but we review de novo
the application of the law to those facts. 
Garcia v. State, 43 S.W.3d
527, 530 (Tex. Crim. App. 2001).  Because
the historical facts in the present case are not in dispute, we make a de novo
determination of whether those facts give rise to a reasonable suspicion of
criminal activity.  Guzman, 955 S.W.2d at 87.

 

 

 

The Traffic
Stop Was Authorized Due to a Traffic Violation by Evans

 

            The State
asserts Washburn had probable cause to make the traffic stop.  Detention, as opposed to an arrest, may be
justified on less than probable cause.  Carmouche, 10 S.W.3d at 328.  A warrantless automobile stop is a Fourth
Amendment seizure analogous to a temporary detention and, therefore, must be
justified by reasonable suspicion.  Berkemer v. McCarty, 468 U.S. 420, 439
(1984).  An officer conducts a lawful
temporary detention when in possession of reasonable suspicion to believe that
an individual is violating the law.  Ford v. State, 158 S.W.3d 488, 492 (Tex.
Crim. App. 2005).  Thus, if Washburn had
a reasonable suspicion that a traffic violation was in progress or had been
committed, the detention was lawful.  See Doyle
v. State, 265 S.W.3d 28, 31 (Tex.
App.—Houston [1st Dist.] 2008, pet. ref’d).

            Reasonable
suspicion exists if the officer has specific articulable facts that, when
combined with rational inferences from those facts, would lead to a conclusion
that a particular person is, has been, or soon will be engaged in criminal
activity.  Brother v. State, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005); Doyle, 265 S.W.3d at 31 (citing Terry v. Ohio, 392 U.S. 1, 30
(1968)).  The determination of reasonable
suspicion is factual, and must be examined in terms of the totality of the
circumstances at the time of the stop.  Curtis v. State, 238 S.W.3d 376, 380
(Tex. Crim. App. 2007); Woods v. State,
956 S.W.2d 33, 38 (Tex. Crim. App. 1997). 
It is the State’s burden to prove the warrantless detention was
lawful.  State v. Huddleston, 164 S.W.3d 711, 716 (Tex. App.—Austin 2005, no
pet.).

 

            The State’s
contention, urged at the suppression hearing and on appeal, is that Evans
violated Section 545.051 of the Texas Transportation Code.  This section of the Code provides that an
operator on a roadway of sufficient width shall drive on the right half of the
roadway unless the operator is passing another vehicle, an obstruction requires
moving the vehicle to the left of the center of the roadway, the operator is on
a roadway divided into three marked lanes for traffic, or the operator is on a
roadway restricted to one-way traffic.  Tex. Transp. Code Ann. § 545.051(a)
(Vernon 1999).

            Evans
contends that, because there is no evidence that he was speeding or driving
erratically, there was no traffic violation. 
Although the trial court found that Evans was driving to the left of
center on Armstrong Road for an eighth to a quarter of a mile and that Armstrong
Road was an undivided, two-lane road without a center stripe, it concluded that
Evans’ driving on Armstrong Road was not unsafe on an unmarked blacktop road
traveled only by Evans and Washburn.  The
trial court, therefore, concluded that Washburn lacked reasonable suspicion to
stop Evans for a traffic violation.  We
disagree.

            The
specific factual findings of the trial court indicate Evans was driving left of
center of the roadway for an eighth to a quarter of a mile and that the road
was an undivided, two-lane road without a center stripe.  In other words, Evans failed to drive on the
right half of the roadway as required by Section 545.051(a) of the Texas
Transportation Code.  See id. 
This observation alone was enough to create a reasonable suspicion that
a traffic violation was in progress.  See Rubeck v. State, 61 S.W.3d 741, 745
(Tex. App.—Fort Worth 2001, no pet.) (officer’s observation of defendant’s
vehicle crossing center line one time provided reasonable suspicion for traffic
stop).  The fact that Armstrong Road did
not have a center stripe is of no consequence in making this
determination.  Section 545.051 of the Texas
Transportation Code does not limit the requirement of driving in the right lane
to only roadways marked with a center stripe. 
Tex. Transp. Code Ann. §
545.051(a).

            The trial
court concluded that, even though Evans drove his vehicle to the left of the
center of the roadway, to do so was not unsafe in this circumstance.  But Section 545.051 does not allow for a
driver to move from the right half of the roadway if that movement can be made
safely.  It merely requires that, if a
roadway is of “sufficient width,” a driver must remain on the right half of the
roadway, unless one of the statutory exceptions applies.  Washburn’s testimony established that none of
the exceptions to the requirement to drive on the right half of the roadway
applied in this circumstance.[5]  Accordingly, the determination of whether
Evans could safely drive left of center is irrelevant to our
reasonable-suspicion analysis.  See Bracken v. State, 282 S.W.3d 94, 98–99
(Tex. App.—Fort Worth 2009, pet. ref’d) (because Section 545.051(a) has no
“unless movement can be made safely” exception to prohibition against crossing
center of road, issue of safety is irrelevant to analysis of reasonable
suspicion).

            For
these reasons, we conclude that Washburn had a reasonable suspicion that a
traffic violation was in progress by virtue of the fact that Evans failed to
travel in the right half of the roadway for a distance of an eighth to a
quarter of a mile.[6]

            Having found that, based on the traffic violation,
Washburn had specific articulable facts to justify the traffic stop, we
conclude that the trial court erred in granting Evans’ motion to suppress.  Accordingly, we reverse the suppression order
and remand this cause to the trial court for further proceedings.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          April 1, 2010

Date Decided:             April 2, 2010

 

Do Not Publish

 











[1]“A
person commits an offense if the person is intoxicated while operating a motor
vehicle in a public place.”  Tex. Penal Code Ann. § 49.04(a) (Vernon
2003).  “‘Intoxicated’ means not having
the normal use of mental or physical faculties by reason of the introduction of
alcohol, a controlled substance, a drug, a dangerous drug, a combination of two
or more of those substances, or any other substance in the body.”  Tex.
Penal Code Ann. § 49.01(2)(A) (Vernon 2003).

 





[2]Evans
sought to suppress evidence of his arrest and the fruit of that arrest,
alleging a warrantless arrest made without reasonable suspicion or probable
cause to believe Evans was engaged in criminal activity.  Evidence sought to be suppressed included written
and oral statements made by Evans to officers at or after his arrest, testimony
of officers regarding Evans’ statements or officers’ observations or identification
of Evans, any evidence obtained as a result of Evans’ arrest, and photographs
or video recordings taken by officers at Evans’ arrest.  

 





[3]At
the suppression hearing, the State called Washburn to the witness stand and
played for the court a portion of a video recording shot by a camera mounted in
Washburn’s patrol car.





[4]The
trial court made the following findings of fact:

 

1.             On March 3, 2009, Officer Stephen
Washburn of the Gladewater Police Department was assisting in a traffic stop
and first noticed defendant’s vehicle as it passed by him on the right in a
used vehicle parking lot at approximately 2:00 a.m.

 

2.             Officer Washburn then followed
defendant’s vehicle west on Highway 80 for a short period of time observing
defendant turn right onto Shell Camp Road and then turn right onto Armstrong
Road.

 

3.             Armstrong Road is an undivided,
two-lane blacktop road and was not marked with a center lane.  There is no shoulder, fog line or
curbing.  Armstrong Road is a public
street.

 

4.             Officer Washburn observed no
traffic violations by the defendant on the parking lot, Highway 80, or Shell
Camp Road.  Officer Washburn initiated a
traffic stop after observing defendant’s vehicle driving left of the center of
Armstrong Road for a distance of approximately an eighth to a quarter of one
mile.  Officer Washburn did not observe
any weaving by the defendant.  

 

5.             There was no other traffic on the
blacktop road, and the defendant did not appear to be driving in an unsafe
manner. 

 

6.             Officer Washburn’s testimony was
credible.

 

7.             The incident was captured on video,
reviewed by this Court and admitted into evidence.

 

The trial court made the following conclusions of law:

 

1.             The Court finds that Officer
Washburn did not have reasonable suspicion to stop defendant for a violation of
traffic code or for suspicion of driving while intoxicated under the totality
of the circumstances.

 

2.             The Court finds that the defendant
did drive his vehicle to the left of center of the roadway; however, the Court
does not find that to be unsafe on the blacktop road that is not marked with
center markings and void of any traffic other than the defendant and the
officer traveling in the same direction.

 

3.             Any finding of fact that is a
conclusion of law shall be deemed a conclusion of law.  Any conclusion of law that is a finding of
fact shall be deemed a finding of fact.

 





[5]Evans was not driving in the middle of the road for
the purpose of passing another vehicle or to avoid obstructions or hazards in
the roadway.  Armstrong Road was not
divided into three marked lanes for traffic, and it was not a one-way
street.  

 





[6]The
State also contends that Washburn’s authority to stop Evans was supplied by his
reasonable suspicion to believe that Evans was driving while intoxicated.  Because our ruling as to the traffic offense
is dispositive of this appeal, we do not reach that claim.