

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00159-CR
### NO. 02-18-00160-CR

GUILLERMO RODRIGUEZ                                    APPELLANT

V.

THE STATE OF TEXAS                                        STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NOS. 1457745D, 1457902D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Guillermo Rodriguez of evading arrest and possessing 4 grams or more but less than 200 grams of methamphetamine. The trial court found the indictments' habitual-offender notice to be true and sentenced Appellant to thirty years' confinement for each offense. In three related points, Appellant argues that the trial court erred by failing to suppress evidence seized

---

[1]*See* Tex. R. App. P. 47.4.

from his vehicle because police lacked probable cause or reasonable suspicion of a traffic offense to justify the traffic stop that resulted in the evidence's seizure. We affirm.

## Background

Fort Worth Police Officer Harlow Jorgensen testified that on the night of May 26, 2016, while he was on normal patrol, he observed a vehicle driving in traffic without an illuminated license plate. *See* Tex. Transp. Code. Ann. § 547.322(f) (West 2011). He then saw the vehicle make a right turn at an intersection, but the vehicle did not turn into the first available lane. *See id.* § 545.101(a) (West 2011).

Officer Mark Muse was riding with Officer Jorgensen during the pursuit, and his testimony was consistent with that of Officer Jorgensen. Officer Muse testified that the suspect vehicle did not have an "effective" license plate light, and he also testified that the vehicle failed to turn into the first available lane when it executed a right turn at an intersection.

According to Officer Jorgensen, he initiated a traffic stop by activating his patrol car's red and blue flashing lights and siren, but the vehicle failed to pull over. Instead, it accelerated and entered a freeway. The vehicle eventually exited the freeway, then sped up and attempted to outrun the patrol car, running three stop signs and driving at high speeds down residential streets. The pursuit continued until the vehicle failed to negotiate a turn, struck a curb, and broke its axle.

2

The officers arrested Appellant, who was the vehicle's driver and sole occupant, and then searched the vehicle. The search revealed a brick of marijuana weighing fourteen ounces, a container holding thirteen grams of methamphetamine (including adulterants and dilutants), and a pistol.

The trial court admitted into evidence the dashboard camera video from Officer Jorgensen's patrol car. In the video, Appellant's vehicle's rear license plate was visible, but it was not clear whether the plate was illuminated by a bulb on the vehicle or whether it merely reflected light from the patrol car's headlamps and spotlight. Officer Jorgensen testified that license plates are reflective and that the video did not accurately depict how the suspect vehicle's license plate appeared on the night in question. The video also depicted Appellant's vehicle making a right-hand turn onto a three-lane freeway access road by driving across the right-hand and center lanes of the access road and continuing in the left-hand lane.

Appellant moved to suppress the evidence obtained from his vehicle. The court carried the motion with the trial and heard arguments on the motion after Officers Jorgensen and Muse testified. Appellant argued that Officers Jorgensen and Muse lacked probable cause or reasonable suspicion to initiate the traffic stop because it appeared from the dashcam video that Appellant's license plate was illuminated and that Appellant turned into the right-hand lane before moving left to the center and left-hand lanes of the freeway access road. Appellant argued that the officers' testimony about Appellant failing to turn into the first

3

available lane was a pretext for the stop invented after the officers realized the video showed that Appellant's license plate was illuminated.

After hearing argument, the trial court made the following findings of fact and conclusions of law on the record:

> [T]he Court makes the following conclusion regarding the credibility of the officers. The Court concludes that Officers Jorgensen and Muse are highly credible. And based upon the testimony and the evidence, the Court concludes [the] officers possessed a reasonable articulable suspicion that involved -- and probable cause when they observed the sedan, operated by the Defendant, be operated without and not in conformity with Texas Traffic Code -- Transportation Code, Section 547.322(f)(1)(2), which would be for failing to operate a vehicle with a tail lamp or separate lamp be constructed emit -- and emit a white light that illuminates the rear license plate and, (2), makes the plate clearly legible at a distance of 50 feet from the rear.
>
> Now, the Court makes its conclusion based upon the testimony -- testimony -- based upon the testimony of the officer and the exhibit that was displayed in State's Exhibit 10.
>
> Furthermore, a second violation occurred under Texas Transportation Code, Section 545.101(a), for failure to make a right turn at an intersection. An operator shall make both the approach and turn as closely as [practicable] to the right-hand curb or edge of the roadway.
>
> Thereby, the traffic violations gave the officers the reasonable articulable suspicion to stop. It later evolved into evading arrest and detention, which is the subject of the criminal case now pending before the Court.
>
> Accordingly, the Defendant's motion should be and is hereby denied.

The trial court's denial of Appellant's motion to suppress forms the basis of Appellant's points on appeal.

4

**Discussion**

In three points, Appellant argues that the trial court erred by denying his motion to suppress because the search and seizure of evidence from Appellant and his vehicle violated Appellant's rights under the Fourth and Fourteenth Amendments of the United States Constitution; article I, section 9 of the Texas constitution; and article 38.23 of the code of criminal procedure. *See* U.S. Const. amends. IV, XIV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23 (West 2018).

## 1. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006).

Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts

5

was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). We review a trial court's determination of historical facts based on a video recording under the same deferential standard. *Montanez*, 195 S.W.3d at 109. But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

## 2. Relevant substantive law

Article 38.23 of the code of criminal procedure provides that "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." Tex. Code Crim. Proc. Ann. art. 38.23(a). The Fourth Amendment, made applicable to the states by the Due Process Clause of the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amends. IV, XIV; *Ker v. California*, 374 U.S. 23, 30, 83 S. Ct. 1623, 1628 (1963); *Villareal v. State*, 935 S.W.2d 134, 136 n.1 (Tex. Crim. App. 1996). Article I, section 9 of the Texas

constitution provides that "[t]he people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches." Tex. Const. art. I, § 9.

A traffic stop for a suspected violation of law is a "seizure" of the vehicle's occupants and therefore must be conducted in accordance with the Fourth Amendment and article I, section 9 of the Texas constitution. *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014); *State v. Torrez*, 490 S.W.3d 279, 283 (Tex. App.—Fort Worth 2016, pet. ref'd); *see* Tex. Const. art. I, § 9. Law enforcement personnel have probable cause to initiate a traffic stop when they see a person commit a traffic violation. *State v. Gray*, 158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005). Because reasonable suspicion is a lesser standard than probable cause, an officer who has probable cause to detain a suspect necessarily has reasonable suspicion to do so. *Rubeck v. State*, 61 S.W.3d 741, 745 (Tex. App.—Fort Worth 2001, no pet.) (op. on reh'g).

The transportation code requires that all motor vehicles be equipped with a lamp "constructed and mounted to emit a white light that: (1) illuminates the rear license plate; and (2) makes the plate clearly legible at a distance of 50 feet from the rear." Tex. Transp. Code. Ann. § 547.322(f). The transportation code also requires a driver making a right turn at an intersection to "make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway." *Id.* § 545.101(a).

7

### 3. Analysis of trial court's ruling

After hearing the testimony of Officers Jorgensen and Muse and viewing the dashcam video, the trial court determined that the officers were "highly credible." The court determined that the officers observed Appellant commit two traffic violations—operating his vehicle without an illuminated license plate and failing to make a right turn as close as possible to the right-hand edge of the roadway. Giving these findings of historical fact almost total deference, we conclude that the trial court did not abuse its discretion by determining that the officers witnessed Appellant commit two traffic violations. *See Amador*, 221 S.W.3d at 673. Applying the law to the facts found by the trial court, the officers had probable cause to initiate a traffic stop after they observed Appellant commit the traffic violations. *See Gray*, 158 S.W.3d at 469–70; *see also Hughes v. State*, 334 S.W.3d 379, 385 (Tex. App.—Amarillo 2011, no pet.) ("Since we find there is evidence to support the trial court's implied finding of a violation of a traffic law, a wide right turn, there are specific articulable facts upon which to base a temporary detention of appellant."); *Montanez v. State*, 211 S.W.3d 412, 415 (Tex. App.—Waco 2006, no pet.) (holding officer's testimony that defendant's vehicle was operating without an illuminated license plate created lawful basis for stop; parties disputed whether dashcam video showed a properly illuminated plate or whether the plate was reflecting the officer's headlamps).

We therefore hold that the trial court did not abuse its discretion by denying Appellant's motion to suppress. *See Gray*, 211 S.W.3d at 469–70. We overrule all three of Appellant's points.

## Conclusion

Having overruled all of Appellant's points, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; MEIER and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 28, 2018

9